FILED
APR 17 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACO MINNESOTA INC., a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PF BRANDS, INC., a Texas Corporation doing business as Professor Foam; DAVID VINCENT LEWIS, an individual; SANDRA GALLAGHER LEWIS, an individual; DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 18-cv-1690-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the motion to dismiss filed by Defendants PF Brands, Inc., David Lewis, and Sandra Lewis. (ECF No. 11).

**I. BACKGROUND**

On July 25, 2018, Plaintiff Graco Minnesota, Inc. initiated this action by filing a Complaint against Defendants for violation of federal trademark law under the Lanham

1

Act at 15 U.S.C. §§ 1114, 1125(a), 1125(c); and unfair business practices in violation of California law at Cal. Bus. & Prof. Code § 17200. (ECF No. 1). Plaintiff brings claims based on allegations that Defendants sell spray foam system products online using Plaintiff's trademarks without permission.

On October 24, 2018, Defendants filed a Motion to Dismiss on the grounds that the Court lacks subject matter jurisdiction due to an order by the Federal Trade Commission (FTC); that the Court lacks personal jurisdiction over Defendants; that venue is improper; and that Plaintiff fails to adequately allege alter ego liability. (ECF No. 11). Defendants also request judicial notice of exhibits in support of the Motion.

On November 12, 2018, Plaintiff filed a Response in Opposition to the Motion to Dismiss and supporting declarations. (ECF No. 12).

On November 19, 2018, Defendants filed a Reply in support of the Motion to Dismiss. (ECF No. 13).

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff is "a Minnesota corporation, having its principal place of business in Minneapolis, Minnesota." (ECF No. 1 ¶ 1). Plaintiff is a "wholly-owned subsidiary of Graco, Inc.," who "maintains a research and development facility in Escondido, California," and "employs over a dozen employees in California in R&D and sales." *Id.* Defendant PF Brands is "a Texas corporation located in Tomball, Texas, doing business under the name Professor Foam," and "does substantial business in the State of California and specifically in this judicial district." *Id.* ¶ 2. Defendants David Vincent Lewis and Sandra Gallagher Lewis are "Individual[s] residing in Tomball, Texas," each "a principal and director of Defendant PF Brands, Inc., d/b/a Professor Foam." *Id.* ¶¶ 6, 9. Plaintiff is "a market leader in the field of spray foam systems along with their parts and accessories." *Id.* ¶ 20. Plaintiff owns a number of common law and federal trademarks. *Id.* ¶ 24. Plaintiff

has never authorized Defendants to use any of its trademarks or "manufacture, copy, sell, import, market, or distribute any Graco products." *Id.* ¶ 25.

Defendants "sell and distribute products, including unauthorized hard goods using the Graco Trademarks to consumers" through eBay.com, amazon.com, and professorfoam.com. *Id.* ¶¶ 28–30. Professorfoam.com "allows visitors to create accounts, purchase products, and pay Defendants directly through the Website." *Id.* ¶ 30. Professorfoam.com "expressly targets foreseeable purchasers in the State of California and ships products to customers within the State of California." *Id.* Defendants accomplish online commercial transactions using the services of eBay, PayPal, and Google, companies that are headquartered in California and require users to resolve disputes in California. *Id.* ¶¶ 31–32. On December 16, 2016, Plaintiff's counsel sent Defendants a cease and desist letter informing them of the infringement. *Id.* ¶ 37. On May 20, 2016 and December 8, 2017, Plaintiff's investigators purchased infringing products by Defendants using eBay, PayPal, and Gmail. *Id.* ¶¶ 34–35, 39. On May 26, 2016 and December 18, 2017, Plaintiff's investigators received orders of infringing products in packages with Texas return addresses. *Id.* ¶¶ 36, 40. Defendants' sales of infringing products have deprived Plaintiff of sales. *Id.* ¶ 63.

Plaintiff seeks damages, equitable relief, "an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff," and "destruction of the infringing articles in Defendants' possession." *Id.* at 19–20.

### III. PERSONAL JURISDICTION

A party may move for dismissal for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "Where . . . the defendant's

motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010), *abrogated on other grounds as recognized by Axiom Foods, Inc. v. Acerchem Int'l, Inc.* 874 F.3d 1064 (9th Cir. 2017)). "The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). "[W]e may not assume the truth of allegations in a pleading which are contradicted by affidavit . . . but we resolve factual disputes in the plaintiff's favor." *Id.* (quotation and citation omitted).

"Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Axiom*, 874 F.3d at 1067 (quotation omitted). "California authorizes its courts to exercise jurisdiction to the full extent that such exercise comports with due process. . . . Accordingly, the jurisdictional analyses under [California] state law and federal due process are the same." *Id.* (quotations omitted); *see also* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). A defendant may be subject to either general or specific personal jurisdiction under due process analysis. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

In this case, Plaintiff contends that the exercise of specific personal jurisdiction is proper over Defendants. A court exercises specific personal jurisdiction if "the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002) (citing *Hanson v. Denckla*, 357 U.S. 235, 251 (1958)). "A nonresident defendant must have 'certain minimum contacts with [the forum] such that the maintenance

of the suit does not offend traditional notions of fair play and substantial justice.'" *Axiom*, 874 F.3d at 1068 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014)). "While 'a single act can support jurisdiction,' the act must first 'create[ ] a substantial connection with the forum.' . . . Put differently, 'some single or occasional acts related to the forum may not be sufficient to establish jurisdiction if their nature and quality and the circumstances of their commission create only an attenuated affiliation with the forum.' . . . A defendant's 'random, fortuitous, or attenuated contacts' will not suffice." *Id.* (first quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n.18 (1985), then quoting *Walden*, 571 U.S. at 286).

"[F]or a court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id.* (quotations and alteration omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test," and "[i]f the plaintiff meets that burden, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quotations omitted).

When "a case sounds in tort, we employ the purposeful direction test." *Id.* (citation omitted); *see also Schwarzenegger*, 374 F.3d at 802 ("A purposeful availment analysis is most often used in suits sounding in contract."). To satisfy the purposeful direction test, "[t]he defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (quotation omitted).

## A. Intentional Act

Plaintiff contends that an intentional act was adequately pled based on allegations that Defendants sell products with unauthorized Plaintiff trademarks to California customers, and continued to do so after receiving a cease and desist letter from Plaintiff. Defendant asserts, "The most that can be said here is that Defendants intended to create an aftermarket product that would fit various products at a lower cost than the parts by original equipment manufacturers." (ECF No. 11 at 22). Courts "construe 'intent' in the context of the 'intentional act' test as referring to an intent to perform an actual, physical act in the real world." *Schwarzenegger*, 374 F.3d at 806. The Court finds that Plaintiff has adequately alleged an intentional act.

## B. Express Aiming

Defendants contend that Plaintiff fails to demonstrate conduct targeted or aimed at California in this case. Defendants contend that Plaintiff cannot demonstrate jurisdiction with allegations related to "random, de minimis sales" in California. (ECF No. 11-2 at 24). Defendants assert that an eBay listing states that items are located in Alexandria, Virginia and ship worldwide. Defendants assert that Plaintiff has not shown that the individual Defendants traveled to or conducted business in California, or that Professor Foam has a California office, salesperson, or representative.

Defendants assert that Plaintiff is a Minnesota corporation that relied on its own conduct to manufacture jurisdiction, as Plaintiff's investigators actively sought Defendants' products online and ordered the products while in California. Defendants assert they have no contacts with California. Defendants assert that the Complaint shows Defendants' business is conducted online. Defendants assert that their offices are in Texas and their website has a Texas address, phone number, and dispute resolution policy. Defendants assert that the packing slips received by Plaintiff's investigators show Texas addresses and phone numbers. Defendants further assert that a California federal district

6

court has already concluded that, on similar facts, one Defendant in this case did not expressly aim at California by using California internet service providers and online sales channels. *See Mission Trading Co., Inc. v. Lewis*, No. 16-CV-01110-JST, 2016 WL 6679556, at *5 (N.D. Cal. Nov. 14, 2016).

Plaintiff contends jurisdiction is proper on the grounds that the infringement continued following the cease and desist letter sent to inform Defendants of the infringement and Plaintiff's intent to file suit in California. Plaintiff asserts that Defendants' website is interactive, within the meaning of the sliding scale test for website-based specific jurisdiction, because users can register and maintain accounts, engage in commercial transactions, and process payments. Plaintiff asserts that "the target demographic of [Defendants'] e-commerce business is 'Worldwide,' thereby targeting and aiming California consumers." (ECF No. 12 at 20).

The express aiming prong of purposeful direction requires a plaintiff to show an intentional act aimed at California. *Schwarzenegger*, 374 F.3d at 806. "The exact form of our analysis varies from case to case and "depends, to a significant degree, on the specific type of tort or other wrongful conduct at issue." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 807). A plaintiff must demonstrate that California is the "focal point" of both the claims and the harm suffered. *Axiom*, 874 F.3d at 1070–71 (quoting *Walden*, 571 U.S. at 288). A plaintiff must demonstrate that "the effects caused by the defendants' [conduct]—i.e., the injury to the plaintiff[] . . . — connected the defendants' conduct to California, not just to a plaintiff who lived there." *Walden*, 571 U.S. at 288. Courts "must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum." *Picot*, 780 F.3d at 1214. A plaintiff does not show express aiming if "none of [the] challenged conduct ha[s] anything to do with California itself." *Id.* at 1215 (original alterations omitted). A plaintiff does not show express aiming by alleging injuries that are "entirely personal to him and

7

would follow him wherever he might choose to live or travel" and "not tethered to California in any meaningful way." *Id.*

In *Mavrix*, the Court of Appeals explained, "We have struggled with the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed." 647 F.3d at 1229. "On the one hand, we have made clear that maintenance of a passive website alone cannot satisfy the express aiming prong. . . . On the other, we have held that operating even a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient." *Id.* (quotations omitted). "In determining whether a nonresident defendant has done something more, we have considered several factors, including the interactivity of the defendant's website, . . . the geographic scope of the defendant's commercial ambitions, . . . and whether the defendant individually targeted a plaintiff known to be a forum resident." *Id.* (citations omitted). District courts have declined to find express aiming based on alleged sales of products that infringe intellectual property rights through commercial, interactive websites accessible to California consumers. *See, e.g., Inventors Row Inc. v. Blankenship*, No. CV 17-2387 WBS EFB, 2018 WL 2064795, at *4 (E.D. Cal. May 3, 2018); *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 883 (N.D. Cal. 2012); *Sanho Corp. v. Cimo Techs., Inc.*, No. C 11-2473 PJH, 2012 WL 3075094, at *5 (N.D. Cal. July 30, 2012).

A plaintiff can no longer show that a defendant expressly aimed at the forum state by alleging only that the defendant knew of the plaintiff's forum connections and could have reasonably foreseen harm in that forum. In *Axiom*, the Court of Appeals explained:

> We have held that "individualized targeting" satisfies the express aiming requirement. . . . In the context of copyright infringement, we have held that a defendant's "alleged willful infringement of [a plaintiff's] copyright, and its knowledge of both the existence of the copyright and the forum of the copyright holder," established "individualized targeting." . . .

8

> In *Walden*, the Supreme Court rejected our conclusion that the defendants' "knowledge of [the plaintiffs'] 'strong forum connections,'" plus the "foreseeable harm" the plaintiffs suffered in the forum, comprised sufficient minimum contacts. . . . The Court found that our approach "impermissibly allow[ed] a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." . . . The Court made clear that we must look to the defendant's "own contacts" with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum. . . .
> Following *Walden*, we now hold that while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires.

874 F.3d at 1069–70 (first quoting *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 679 (9th Cir. 2012), then citing *Brayton*, 606 F.3d at 1130, and then citing *Walden*, 571 U.S. at 288–91).

A plaintiff does not establish specific jurisdiction based on "a one-time contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside . . . ." *Boschetto*, 539 F.3d at 1019 ("The use of eBay no doubt made it far easier to reach a California buyer, but the ease with which Boschetto was contacted does not determine whether the nature and quality of the Defendants' contacts serve to support jurisdiction."); *see also Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, No. 15-CV-02991-JST, 2015 WL 5834135, at *5 (N.D. Cal. Oct. 7, 2015).

In this case, the Complaint alleges that Plaintiff is a Minnesota corporation with a research and development facility and employees located in California. The Complaint alleges that Defendant PF Brands is a Texas corporation, and that the individual Defendants are Texas residents. The Complaint alleges that Defendants sell products infringing on Plaintiff's trademarks through Defendants' website and various other third-party websites and platforms including eBay, Amazon, and PayPal. The Complaint alleges that some of these third parties are based in California and require users to resolve disputes in California. The Complaint alleges that Plaintiff's counsel sent a cease and desist letter to Defendants

9

informing them of the infringement. The Complaint alleges that on May 20, 2016 and December 8, 2017, Plaintiff's investigators purchased infringing products. The Complaint alleges that on May 26, 2016 and December 18, 2017, Plaintiff's investigators received the orders of infringing products in packages with Texas return addresses.

Plaintiff provides receipts from purchases showing California shipping addresses (Exs. A–D, ECF No. 12-2 at 2 to ECF No. 12-5 at 8); an image of a package sent to a California address, with a return address of "Professor Foam, 8331 Sierra Dawn Drive, Tomball TX 77375" (Ex. E, ECF No. 12-6 at 2); and website images showing Defendants' products for sale on eBay.com, professorfoam.com, amazon.com, walmart.com, monkeyinternational.com, pickperfect.com, and saudi.desertcart.com (Exs. A–D, ECF No. 12-2 at 2 to ECF No. 12-5 at 8; Ex. G, ECF No. 12-8 at 2–27). Plaintiff provides the declaration of Robert Solis, an investigator. (Solis Decl., ECF No. 12-9 ¶ 1). The declaration states that on October 24, 2018, Solis purchased a product from Defendants' website, which he received on October 29, 2018 and gave to Plaintiff's counsel on October 30, 2018. *Id.* ¶¶ 2–4. The declaration is supported by exhibits showing a PayPal payment for Solis's purchase (Ex. A, ECF No. 12-10 at 2–3), and an image of a package sent to a California address, with a return address of "Professor Foam, 8331 Sierra Dawn Drive, Tomball TX 77375" (Ex. B, ECF No. 12-11 at 2).

Defendants provide an eBay website image of a Professor Foam product, stating "Item location: Alexandria, Louisiana" and "Ships to: Worldwide." (Ex. 2, ECF No. 11-4 at 2).[1] Defendants provide the declaration of Defendant David Lewis, stating "I have never

---

[1] Defendants request judicial notice of the FTC order, the demand letter, and documents with company information of Graco, professorfoam.com, PayPal, eBay, Shopify, and Google. *See* ECF No. 11-1 at 29. Defendants contend that judicial notice is proper these facts are not subject to reasonable dispute. Plaintiff has not filed an opposition to the request for judicial notice. The request for judicial notice is granted. *See* Fed. R. Evid. 201; *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *see also Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (stating that"[t]he court may consider

10

been to California in any capacity associated with my business PF Brands, Inc. or Professor Foam, and do not advertise in California." (Lewis Decl., ECF No. 11-17 ¶ 2). The declaration states, "I do not have any office, sales force, warehouse, supplier, toll free number, advertisements in or to California, or other business/business association in California." *Id.* ¶ 3. The declaration states, "[t]he percentage of sales to California by PF Brands, Inc. . . . make[s] up less than .01% of the buying public in California. Total sales to California including from both eBay® and professorfoam.com represent only 1.09% of gross, while sales of any aftermarket products sold to California relating to Graco® is only .34% of total sales." *Id.* ¶ 4. The declaration states, "Neither I nor my businesses have ever targeted California, and there is no reference to California on any website that I control. The only exception to this is the ability for a third-party to put 'California' in as the shipping destination." *Id.* ¶ 5. Defendants provide records from the California Secretary of State showing no record of Graco Minnesota, Inc. among the various Graco entities registered to do business in California. (Ex. 13, ECF No. 11-15 at 2–5).

The Court finds that the record contains evidence tending to show that Defendants' products were sold to California customers. The record shows that Defendants received a letter regarding infringement and a possible California lawsuit. The record shows that Plaintiff is a Minnesota company and Defendants conduct their business in Texas. The record shows that Plaintiff hired investigators to purchase and receive the products in California. The record does not show that Defendants' business is targeted at a California-specific market or industry. *See DFSB*, 897 F. Supp. 2d at 883 (concluding nonresident defendant's website with Korean song links "is not directly related to California" based on "popular[ity] with some California residents . . . . If [this] were sufficient, every person

___

evidence presented in affidavits to assist it in its determination" of personal jurisdiction), *abrogated on other grounds as recognized by Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017).

11

around the globe who makes infringing content available through the Internet for profit would be subject to personal jurisdiction in California"); *Sanho*, 2012 WL 3075094, at *5 (dismissing California resident's claim where "nothing in the record . . . suggest[s] that [defendant]'s website was directly targeted at the California market, or that the selling of technology-related accessories, specifically iPad 2 covers, is a unique California industry"); *see also Matus v. Premium Nutraceuticals, LLC*, No. EDCV1501851DDPDT BX, 2016 WL 3078745, at *3 (C.D. Cal. May 31, 2016) (alleging California consumers' ability to buy from defendant's website failed to demonstrate express aiming where the record lacked "any indication that Premium took other efforts to target California consumers"), *aff'd*, 715 F. App'x 662 (9th Cir. 2018); *Adobe*, 2015 WL 5834135, at *5 (stating that multiple sales does not constitute "substantial contact" with a forum state whose only involvement is "the purchasers happened to live in the forum"; noting cases where California sales comprising 10% and 1.6% of total sales showed no purposeful direction) (quoting *Boschetto*, 539 F.3d at 1019).

The record does not show that California is the "focal point" of both the infringement claims and the alleged harm in this case. *Compare Axiom*, 874 F.3d at 1070–71 (sending a trademark-violating email to 343 recipients, including 10 California residents and 55 with California companies, did not expressly aim at California as "[i]t can hardly be said that California was the focal point both of the newsletter and of the harm suffered") (quotation omitted), *with Cree, Inc. v. Fastbuy, Inc.*, No. CV 18-01802-CJC(ASX), 2018 WL 4850404, at *4 (C.D. Cal. July 16, 2018) (alleging that defendant "imports goods that it knows are counterfeit into California ports, stores the goods in various warehouses around California, and then distributes those goods to buyers" showed purposeful direction).

Plaintiff (a Minnesota company) sending a cease and desist letter to Defendants (based in Texas) regarding infringement and a possible California lawsuit cannot demonstrate express aiming in this case. *See Axiom*, 874 F.3d at 1070 (recognizing

abrogation of *Wash. Shoe*, 704 F.3d at 678 ("A–Z knew that its intentional acts would impact Washington Shoe's copyright by virtue of the cease-and-desist letters it had received.")); *see also Inventors Row*, 2018 WL 2064795, at *4 (considering "but . . . not rely[ing] solely on" allegations that defendant intentionally infringed on trademark and knew plaintiff's California location; noting defendant had previously received a USPTO suspension notice regarding registered trademarks that identified plaintiff as a California company and contacted plaintiff trying to buy the intellectual property).

Plaintiff's California research and development center and employees do not establish California contacts attributable to Defendants. *See Walden*, 571 U.S. at 285 ("[P]laintiff cannot be the only link between the defendant and the forum."); *see also Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1778 (2017) (reversing California specific jurisdiction over claims of nonresident plaintiffs against nonresident defendant with five California "research and laboratory facilities, which employ a total of around 160 employees" and "250 sales representatives in California and . . . a small state-government advocacy office in Sacramento"). Any California connections of third-party websites or platforms used by Defendants do not demonstrate California contacts attributable to Defendants. *See Walden*, 571 U.S. at 286 ("[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."). Plaintiff's claim to specific jurisdiction would be no different in any other state had Plaintiff chosen to hire investigators in a state other than California. *See id.* ("This approach . . . impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis. . . . Such reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis."). The Court concludes that Plaintiff fails to allege facts showing the Defendants engaged in conduct expressly aimed at California. The Court need not determine whether specific personal jurisdiction is lacking for alternative reasons. *See*

*Picot*, 780 F.3d at 1215 n.4 ("Because Picot has not established the second prong of our purposeful direction test, we need not address the third prong.").

## IV. JURISDICTIONAL DISCOVERY

Plaintiff asserts that there is no documentation for Defendants' claim that California sales comprise 1.09% of gross sales from eBay and professorfoam.com, and 0.34% of sales of products related to Graco. Plaintiff asserts that Defendants failed to disclose Graco-related product sales on "amazon.com, walmart.com, monkeyinternational.com, pickperfect.com, and Saudi.desertcart.com." (ECF No. 12 at 30). Plaintiff requests the Court to order "Defendants to disclose all platforms in which they sell 'Graco' related products, and for jurisdictional discovery to PayPal, Inc. and all other payment processing services for Defendants' e-commerce platforms for their records to confirm the true sales numbers of Defendants' 'Graco' related products to California." *Id.*

Defendants assert that Plaintiff has insufficient contacts for personal jurisdiction in California, and that "Plaintiff's vague allegations of selling products on the internet does not change that." (ECF No. 13 at 11). Defendants assert that there is insufficient evidence to justify jurisdictional discovery in this case.

"A court may permit discovery to aid in determining whether it has in personam jurisdiction. . . . In granting discovery, the trial court is vested with broad discretion . . . ." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citation omitted). "[W]here pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *Am. W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989); *see also Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007) (stating that discovery is warranted only if the plaintiff "make[s] a 'colorable' showing," which is "less than a prima facie showing," of "'some evidence' tending to establish personal jurisdiction over the defendant"). However, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of

specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quotation omitted). A court need not grant discovery based on "purely speculative allegations of attenuated jurisdictional contacts." *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011).

In this case, the Court finds that the discovery Plaintiff seeks regarding additional California and other sales information would not change the jurisdictional analysis. *See Adobe*, 2015 WL 5834135, at *5 (stating that "a sale into the forum is not a substantial contact where it 'involved the forum state only because that is where the purchaser happened to reside.' . . . District courts have extended this principle to cases involving multiple sales entering the forum simply because the purchasers happened to live in the forum"; citing cases where California sales constituted 10% and 1.6% of total sales did not demonstrate purposeful direction). Plaintiff's "claim of personal jurisdiction appears to be both attenuated and in the face of specific denials" by Defendants. *See Pebble Beach*, 453 F.3d at 1160. Plaintiff fails to make a colorable showing of personal jurisdiction in this case. The Court declines to exercise its discretion to permit jurisdictional discovery.

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED. (ECF No. 11). The Complaint (ECF No. 1) is DISMISSED. Any motions to file an amended complaint shall be filed within thirty (30) days of the date of this Order in accordance with Local Rule 7.1.

DATED: 4/17/19

WILLIAM Q. HAYES
United States District Judge